## SMITH vs. ROBINSON.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Demand of payment at a place designated by the note, is a condition precedent to a recovery on it.

The defendant and two others executed their joint and several note, payable to the plaintiff or order, at the counting-house of M. White, in the city of New-Orleans.

Sometime after the note fell due, it was handed by White to an attorney for collection, who instituted suit against the defendant. A judgment by default was taken which was afterwards made final, upon the following testimony: The plaintiff's attorney deposed that he had seen the defendant in New-Orleans, after the note had been handed to him by M. White, *as the agent of plaintiff*, and informed him he was directed to bring suit.

The defendant begged a short delay, until he saw M. White *again*, and observed, at the same time, that Bynum ought to pay the note, as he, the defendant, was a mere security.

SMITH
*vs.*
ROBINSON.

A rule was taken on the plaintiff by the defendant's counsel, to show cause why the judgment should not be set aside on the following grounds: 1st, that there was not legal grounds to support the judgment; and, 2dly, that the defendant was not responsible for the amount decreed against him. The rule was discharged and the defendant appealed.

*Hennen,* for appellant, made the following points:

1. Payment was not demanded at the counting-house of M. White, the place appointed for payment.

2. Because payment could not have been legally made, nobody having been authorized to receive it.

*M' Caleb,* for appellee, contra:

1. It was not necessary for plaintiff to have alleged or proved that demand of payment was made *at M. White's counting-house.*—*Chitty,* (*Edition* 1830,) 249, (*note* 2,) 259, (*note* 1.)

2. If such demand was necessary to be proved, the evidence upon record establishes the same. The attorney for plaintiff received the note from White, the agent; it had, therefore, been sent *there,* and it would be a *far fetched presumption,* that a note *at Maunsel White's counting-house* was not paid *because the note was not there to be given up.*— 3, *Martin, N. S.* 433.

3. The defendant was amicably demanded to pay prior to the suit. This demand was in New-Orleans, and he now comes with a very bad grace to complain of want of demand. This amicable demand was made in person.

*Martin, J.,* delivered the opinion of the court.

This is an action on a promissory note: there was judgment by default, and the defendant appealed after an unsuccessful attempt to have the judgment set aside.

The statement of facts shows the note was subscribed by the defendant. Two names appear before his, but the note is joint and several, and it was payable at the counting-house of M. White, who handed it to the attorney who brought the

present suit. Robinson, when called on by the attorney, said he would see White about it, and being asked for the money a second time, said he was the surety of Bynum, whose name is first on the note, and Bynum ought to pay it.

There is no evidence of any demand at the place at which the note is payable; but the plaintiff's attorney has contended that his having received the note from White, is evidence of its having been in the possession of White for collection; and the presumption is strong, that White was not absent from his own counting-house, on the day of payment, and there could not be any necessity of his making a demand from himself; and the counsel has cited numerous authorities, to show there was no necessity for such a demand. In *Miller* vs. *Croghan*, 3 *Martin*, *N. S.* 423, we concurred, in the opinion of our learned brother, from whose judgment the present appeal is taken, that in the case of a note payable, at a particular place, a demand there was a condition precedent to the plaintiff's right of recovery.

We admitted, however, that there were many and very respectable authorities in support of the contrary doctrine; that it was a most controverted question, and we gave that judgment which, in our opinion, was called for, by analogy to principles and a greater weight of authority. Having settled the law, as far as it can be settled by a single decision, we have nevertheless reconsidered our decision; and it has not appeared to us that it ought to be disturbed.

*Demand of payment at a place designated by the note, is a condition precedent to a recovery on it.*

It does not appear, at what time White received the note. The suit was not brought till eight months after the maturity of the note. It is true the defendant did not pretend he had called at White's countin-house, to pay the note, but he gave it as his opinion, that this was the business of Bynum the principal, rather than the defendant, who was only a surety. The note bears no date of the place where it was executed; the plaintiff resides in another State and the principal, it is said, on Red-River. Nothing shows the presence of the plaintiff, nor of any body authorized by him,

Eastern District,
*May* 1831.

SMITH
*vs.*
ROBINSON.

at the counting-house of White, at the period when the note became due. The only demand which is proved is not pretended to have been made at the place of payment. Had the note been endorsed by the plaintiff, or did it appear that White was authorized to receive its amount, we might then perhaps be authorized to inquire whether the presumption was not that he must have been in his own counting-house, at some period before he handed the note to the attorney; and whether, in such a case, there was any necessity for his making any demand, till somebody came in, from whom it might be made. But the possession of the note by White, does appear to have been for the purpose of handing it to an attorney, without being accompanied by any authority to receive payment. Had it been shown that he had the note on the day of payment, perhaps, the presumption might be that he had it for the purpose of receiving its amount, as it was payable at his house—but this is not very clear.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and proceeding to give such a judgment as, in our opinion, ought to have been given below ; it is ordered that there be judgment in favour of the defendant, as in the case of a non-suit, with costs in both courts.